IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, JAMES S. JORGENSEN, Administrator of the Funds, and THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. 10 C 6404 |
| v. | ) ) | Judge James B. Zagel |
| MY BAPS CONSTRUCTION CORP. and VIJAY CONSTRUCTION CORP., and YASHVANT C. PATEL, in his individual capacity, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' STIPULATED MOTION TO REINSTATE THIS CAUSE AND ENTER JUDGMENT AGAINST DEFENDANT, YASHVANT C. PATEL, CONSISTENT WITH THE JUDGMENT ORDER OF THE BANKRUPTCY COURT AND THE TERMS OF THE PARTIES' SETTLEMENT AGREEMENT**

Plaintiffs, the Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen, in his capacity as the Administrator of the Funds (collectively hereinafter the "Laborers' Funds"); and the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"), by and through their attorneys respectfully request that this Court reinstate the above captioned matter, and consistent with the Bankruptcy Court's Judgment Order and the terms of the Parties' Settlement Agreement, enter this judgment against Yashvant C.

1

Patel and in favor of the Laborers' Funds and the Union. In support of the motion the Plaintiffs state as follows:

1. On August 4, 2011, the Plaintiffs filed an amended complaint in the above captioned case (the "District Court Case"), adding Yashvant C. Patel ("Patel"), as an individual Defendant (See Docket No. 38).

2. On February 12, 2014, Patel filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court of the Northern District of Illinois (the "Bankruptcy Court"), as Case No. 14 B 4322 (N.D. Bankr. Ill.) (the "Bankruptcy Case").

3. On February 20, 2014, the District Court Case was dismissed without prejudice and with leave to reinstate when the bankruptcy proceedings terminated or leave to proceed was granted (See Docket No. 63).

4. On May 6, 2014, the Laborers' Funds and the Union filed an Adversary Proceeding in Patel's Bankruptcy Case, seeking to have Patel's debt to the Laborers' Funds and the Union declared nondischargeable (Adversary Case No. 14 A 316 (N.D. Bankr. Ill.)). This debt was initially alleged in the District Court Case against Company Defendants, My Baps Construction Corp. ("My Baps"), Vijay Construction Corp. ("Vijay"), and individually against Patel. Notably, the present motion to reinstate this action for purposes of entering judgment in the District Court Case is solely brought against Defendant Patel pursuant to the resolution of his Bankruptcy Case and Adversary Case. Thus, as in the Adversary Case, where the Parties are the Laborers' Funds and the Union versus Patel, here too in the District Court Case the term "Parties" herein refers only to the Plaintiffs (the Laborers' Funds and the Union) and to Defendant Patel.

5. On June 4, 2014, the Plaintiffs also filed proof of claims in Patel's Bankruptcy Case.

6. On October 14, 2016, the Trustee in the Bankruptcy Case reported no property was available for distribution from the estate over and above that exempted by law, and requested to be discharged of administrative duties. The Court discharged the Trustee and closed the Bankruptcy Case, leaving the Adversary Case pending (Bankruptcy Case Docket No. 34).

7. On December 16, 2016, pursuant to the Parties' Joint Motion, which explicitly provided that Plaintiffs would move to seek entry of the agreed judgment order in the District Court Case, the Bankruptcy Court entered the Parties Agreed Order of Judgment in the Adversary Case for the nondischargeable amount of $1,497,629.44, against Patel and in favor of the Laborers' Funds and the Union (See Attached Exhibit A).

8. On December 21, 2016, the Bankruptcy Court closed the Adversary Case.

9. Patel has no objection to entering the Bankruptcy Court's Order of Agreed Judgment in the amount of $1,497,629.44 in favor of the Laborers' Funds and the Union and against Patel in the District Court Case.

10. The Laborers' Funds and the Union have agreed to stay the collection action against Patel, provided that he does not default or materially breach the Parties' Settlement Agreement.

11. Notice of this motion has been sent to all those requiring such notice, including those who have an appearance on file in the District Court Case, as well as to Patel's counsel (See Attached Notice of Motion).

**WHEREFORE**, the Plaintiffs, respectfully request that this Court reinstate this action to enter an order of judgment against the Defendant Patel and pursuant to the Bankruptcy Court's Order award judgment in the amount of $1,497,629.44 in favor of the Laborers' Funds and the Union.

Respectfully submitted,

/s/ Sara S. Schumann
*One of Plaintiffs' attorneys*

Karen I. Engelhardt
Sara S. Schumann
Allison, Slutsky & Kennedy, P.C.
230 West Monroe Street, Suite 2600
Chicago, IL 60606
(312) 364-9400

December 29, 2016